1  John P. Schnurer, Bar No. 185725
   JSchnurer@perkinscoie.com
2  Jack Ko, Bar No. 244630
   JKo@perkinscoie.com
3  Kevin Patariu, Bar No. 256755
   KPatariu@perkinscoie.com
4  PERKINS COIE LLP
   11988 El Camino Real, Suite 200
5  San Diego, CA 92130
   Telephone:  858.720.5700
6  Facsimile:   858.720.5799

7  Michael J. Engle, Bar No. 259476
   MEngle@perkinscoie.com
8  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
9  Los Angeles, CA 90067-1721
   Telephone:  310.788.9900
10 Facsimile:   310.788.3399

11 Attorneys for Plaintiff Monolithic Power
   Systems, Inc.
12
                UNITED STATES DISTRICT COURT
13
                CENTRAL DISTRICT OF CALIFORNIA
14
                     WESTERN DIVISION
15

16

17 MONOLITHIC POWER                    Case No. 2:13-cv-08122
   SYSTEMS, INC.,
18                                     **COMPLAINT FOR PATENT
                  Plaintiff,           INFRINGEMENT**
19
        v.                             **DEMAND FOR JURY TRIAL**
20
   SILERGY CORPORATION,
21 SILERGY TECHNOLOGY,
   COMPAL ELECTRONICS, INC.,
22 and BIZCOM ELECTRONICS,
   INC.,
23
                  Defendants.
24

25     Plaintiff Monolithic Power Systems, Inc. ("MPS") hereby pleads the

26 following claims for patent infringement against Defendants Silergy Corporation

27 and Silergy Technology (collectively "Silergy") and Defendants Compal

28

1   Electronics, Inc. and Bizcom Electronics, Inc. (collectively "Compal"), and alleges
2   as follows:

3   **PARTIES**

4       1.      Plaintiff MPS is a California corporation with its principal place of
5   business located at 79 Great Oaks Blvd., San Jose, CA 95119.  MPS is the owner of
6   the patent rights at issue in this action.

7       2.      On information and belief, Defendant Silergy Corporation is a
8   corporation organized and existing under the laws of the Cayman Islands with a
9   mailing address at Cayman Management Ltd., Ground Floor, Harbour Centre, P.O.
10  Box 1596, George Town, Grand Cayman, Cayman Islands, British West Indies and
11  a principal place of business at 14F., No. 663, Bannan Road, Zhonghe District,
12  Xinbei City, Taipei County, 231, Taiwan (R.O.C.).  On information and belief,
13  Defendant Silergy Corporation was a registered entity with the State of California
14  (Entity No. C3181618) at least as of December 5, 2008, but has since surrendered
15  its status.

16      3.      On information and belief, Defendant Silergy Technology is a
17  corporation organized and existing under the laws of the State of California with a
18  principal place of business at 1309 S. Mary Ave., #215, Sunnyvale, CA 94087.  On
19  information and belief, Silergy Technology is a subsidiary of Silergy Corporation.

20      4.      On information and belief, Defendant Compal Electronics, Inc. is a
21  corporation organized and existing under the laws of Taiwan with a principal place
22  of business at No. 581, Ruiguang Rd., Neihu District, Taipei City 11492, Taiwan
23  (R.O.C.).

24      5.      On information and belief, Defendant Bizcom Electronics, Inc. is a
25  corporation organized and existing under the laws of the State of California with a
26  principal place of business at 1171 Montague Expressway, Milpitas, CA 95035.
27  On information and belief, Bizcom Electronics, Inc. is a wholly-owned subsidiary
28  of Compal Electronics, Inc.

1

## **JURISDICTION AND VENUE**

2       6.      This is an action for patent infringement arising under the patent laws

3   of the United States, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C.

4   § 271.

5       7.      The Court has subject matter jurisdiction over this action under 28

6   U.S.C. §§ 1331 and 1338(a).

7       8.      This Court has personal jurisdiction over Defendants because, among

8   other things, they have committed, aided, abetted, contributed to, induced, or

9   participated in the commission of patent infringement in this judicial district and

10  elsewhere that led to foreseeable harm and injury to MPS.  On information and

11  belief, Defendants, directly or through third parties, manufacture or assemble

12  products that are and have been offered for sale, sold, purchased, and/or used within

13  this forum, including without limitation by Silergy's direct or indirect customers,

14  such as Compal and other contract manufacturers, and by the direct or indirect

15  customers of Compal and other contract manufacturers, such as consumer

16  electronic brands like Lenovo and Acer.  Defendants, directly or through its

17  distribution networks, regularly place their products within the stream of commerce

18  with the knowledge, understanding, and desire that such products, by themselves or

19  incorporated within its direct or indirect customers' products, including without

20  limitation notebook products from consumer electronics brands, such as Lenovo or

21  Acer manufactured by Compal or other contract manufacturers, that use Silergy

22  components, will be shipped to, sold, or used in this forum and throughout the

23  United States.  Thus, Defendants have established minimum contacts within the

24  forum and purposefully availed themselves of the benefits of this forum, and the

25  exercise of personal jurisdiction over Defendants would not offend traditional

26  notions of fair play and substantial justice.

27      9.      Defendants transact business in this forum because, among other

28  things, they manufacture, import, and distribute products that are shipped to,

-3-

1   offered for sale, sold, purchased, and used within this forum, including to or by

2   Lenovo and Acer.  Defendants also are subject to personal jurisdiction in this

3   forum.  Venue therefore is proper in this judicial district pursuant to 28 U.S.C.

4   §§ 1391 and/or 1400(b).

5                        **GENERAL ALLEGATIONS**

6          10.    MPS is a fabless semiconductor company that designs, develops, and

7   markets proprietary, advanced analog and mixed-signal semiconductors, including

8   synchronous step-down converters utilizing under bump metallization techniques

9   developed by MPS.  The under bump metallization technology developed by MPS

10  improves the flip chip packages of MPS synchronous step-down converters by

11  increasing heat dissipation and package reliability, while reducing alignment

12  tolerances.  In addition, the electrical performance of high-power integrated circuits

13  is improved by MPS's under bump metallization technology.

14         11.    MPS's step-down converters can be used in a wide range of devices

15  including notebook computers, mobile phones, PDAs, portable instruments, DVD

16  drives, small handheld devices, and battery-powered devices.  As products such as

17  mobile phones have gotten smaller, the need for step-down converters or step-down

18  regulators of compact size yet high performance has become increasingly pressing.

19  Through its innovation and high quality design of products, MPS has developed a

20  portfolio of patents, including the patents-in-suit, to address these needs.

21         12.    Silergy is a direct competitor of MPS in the power integrated circuit

22  market.  Silergy's products include synchronous step-down regulators.  Silergy's

23  synchronous step-down regulators include, e.g., the SY8208 product family among

24  other product families.  On information and belief, some of Silergy's products are

25  designed to be pin-for-pin compatible with MPS's products.

26         13.    On information and belief, Silergy's direct or indirect customers

27  include contract manufacturers, such as Compal, its subsidiary Bizcom, and others,

28  and consumer electronics companies, such as Lenovo, Acer and others.  For

1  example, Lenovo's G500 notebook product contains one or more synchronous step-

2  down regulators from Silergy.  On information and belief, Acer's Aspire E1

3  notebook product contains one or more synchronous step-down regulators from

4  Silergy.  MPS has become aware that step-down regulators from Silergy are used in

5  products, such as the Lenovo G500 and Acer's Aspire E1, and incorporate the

6  inventions of one or more MPS patent.

7       14.    On information and belief, contract manufacturers, such as Compal,

8  manufacture products that use Silergy's step-down regulators and incorporate the

9  inventions of one or more MPS patent, such as the Lenovo G500 and the Acer

10  Aspire E1 notebooks.  On information and belief, Silergy has also sold or offered to

11  sell its synchronous step-down regulators to other contract manufacturers and

12  consumer electronics companies.

13       15.    On information and belief, Silergy has knowledge of the patents-in-

14  suit.  Silergy's founder, president, and CEO, Wei Chen, was a former employee of

15  MPS, had direct knowledge of the engineering research and development which

16  resulted in the patents-in-suit, and was a member of the MPS Patent Committee

17  which authorized patent applications relating to the technology of the patents-in-

18  suit.

19       16.    On information and belief, Silergy has additional knowledge of the

20  patents in suit through its negotiation of a settlement agreement in *Monolithic*

21  Power *Systems, Inc., v. Silergy,* No. 10-1533 (C.D. Cal. filed Mar. 2, 2010), during

22  which it evaluated the patent portfolio of MPS.

23       17.    Defendants also have knowledge of the patents-in-suit from the filing

24  and service of this complaint.

25       18.    MPS placed Silergy Corporation on notice of its infringement of the

26  patents-in-suit by at least October 31, 2013, by means of a letter sent by counsel for

27  MPS to Silergy's CEO, Wei Chen.

28

Case No. 2:13-cv-08122
COMPLAINT

1    19.    MPS placed Silergy Technology on notice of its infringement of the

2  patents-in-suit by at least October 31, 2013, by means of a letter sent by counsel for

3  MPS to Silergy Corporation's CEO, Wei Chen.

4    20.    MPS placed Silergy Technology on notice of its infringement of the

5  patents-in-suit by at least October 31, 2013, by means of a letter sent by counsel for

6  MPS to Silergy Technology's General Manager, Xin Shao.

7    21.    MPS placed Compal Electronics, Inc. on notice of its infringement of

8  the patents-in-suit by at least October 31, 2013, by means of letter sent by MPS to

9  Compal Electronic Inc.'s Chairman, Hsu Sheng-Hsiun.

10    22.    MPS placed Bizcom Electronics Inc. on notice of its infringement of

11  the patents-in-suit by at least October 31, 2013, by means of letter sent by MPS to

12  Bizcom Electronics Inc.'s President, Duan Wang.

13                       **THE ASSERTED PATENTS**

14    23.    MPS owns by assignment all rights to United States Patent No.

15  7,944,048 ("the '048 patent"), titled "Chip Scale Package for Power Devices and

16  Method for Making the Same," which duly and legally issued on May 17, 2011.  A

17  copy of the '048 patent is attached as Exhibit A.

18    24.    MPS owns by assignment all rights to United States Patent No.

19  8,283,758 ("the '758 patent"), titled "Microelectronic Packages with Enhanced Heat

20  Dissipation and Methods of Manufacturing," which duly and legally issued on

21  October 9, 2012.  A copy of the '758 patent is attached as Exhibit B.

22    25.    MPS owns by assignment all rights to United States Patent No.

23  8,361,899 ("the '899 patent"), titled "Microelectronic flip chip packages with solder

24  wetting pads and associated methods of manufacturing," which duly and legally

25  issued on January 29, 2013.  A copy of the '899 patent is attached as Exhibit C.

26                       **CLAIMS FOR RELIEF**

27          **CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 7,944,048**

28    26.    MPS incorporates by reference the allegations in the paragraphs above.

1      27.    On information and belief, Defendants have infringed and continue to

2  infringe one or more claims of the '048 patent under 35 U.S.C. § 271.

3      28.    Defendants Silergy have directly infringed the '048 patent in the

4  United States and this District through the making, using, sale, offer for sell, and/or

5  importation of its products, including without limitation synchronous step-down

6  regulators including, but not limited to, the Silergy SY8206, SY8208, and SY8228

7  product families.  On information and belief, the accused Silergy step-down

8  regulators have chip-scale packages meeting the requirements of one or more

9  claims of the '048 patent, whether literally or under the doctrine of equivalents.

10      29.    Defendants Compal have directly infringed the '048 patent in the

11  United States and this District through the making, using, sale, offer for sell, and/or

12  importation of its products, including without limitation products incorporating

13  synchronous step-down regulators, such as the Silergy SY8206 and SY8208

14  product families, including but not limited to products such as the Lenovo G500

15  notebook manufactured by Compal for Lenovo.  On information and belief, the

16  Compal products incorporating Silergy step-down regulators have chip-scale

17  packages meeting the requirements of one or more claims of the '048 patent,

18  whether literally or under the doctrine of equivalents.

19      30.    Defendants Silergy have induced infringement by inducing others,

20  including without limitation Compal and other computing equipment

21  manufacturers, Lenovo and other computer electronic brands, distributors, retailers,

22  and end users, to make, use, sell, offer for sale, and/or import the accused devices in

23  the United States and this District, including without limitation the Lenovo G500

24  notebook.  On information and belief, Defendants Silergy also have provided

25  marketing materials, technical specifications, or other materials that instruct and

26  encourage the purchasers of an accused device to use the device in a manner that

27  infringes certain claims of the '048 patent.  Defendants Silergy also have continued

28

1    to sell the accused products despite their awareness of MPS's infringement

2    allegations.

3        31.    Defendants Compal have induced infringement by inducing others,

4    including without limitation Lenovo and other computer electronic brands,

5    distributors, retailers, and end users, to make, use, sell, offer for sale, and/or import

6    the accused devices in the United States and this District, including without

7    limitation the Lenovo G500 notebook.  On information and belief, Defendants

8    Compal also have provided marketing materials, technical specifications, or other

9    materials that instruct and encourage the purchasers of an accused device to use the

10   device in a manner that infringes certain claims of the '048 patent.  Defendants

11   Compal also have continued to sell the accused products despite their awareness of

12   MPS's infringement allegations.

13       32.    Defendants Silergy have contributed to the infringement of others,

14   including without limitation Compal and other computing equipment

15   manufacturers, Lenovo and other computer electronic brands, distributors, retailers

16   and end users, by offering to sell, selling, and/or importing within this District and

17   the United States synchronous step-down regulators, knowing the same to be

18   especially made or especially adapted for use in the infringement of the '048 patent

19   and not a staple article of commerce suitable for substantial non-infringing use.

20       33.    Defendants Compal have contributed to the infringement of others,

21   including without limitation Lenovo and other computing equipment

22   manufacturers, distributors, retailers and end users, by offering to sell, selling,

23   and/or importing within this District and the United States synchronous step-down

24   regulators, knowing the same to be especially made or especially adapted for use in

25   the infringement of the '048 patent and not a staple article of commerce suitable for

26   substantial non-infringing use.

27       34.    On information and belief, Defendants' infringement has been, and

28   continues to be, willful and deliberate, and has caused substantial damage to MPS.

-8-

1    For example, Defendants have continued to sell the accused devices despite their

2    awareness of the '048 patent and MPS's infringement allegations.

3          35.    On information and belief, Defendants' infringement in violation of

4    federal patent laws will continue to injure MPS unless otherwise enjoined by this

5    Court.

6             **CLAIM 2 – INFRINGEMENT OF U.S. PATENT NO. 8,283,758**

7          36.    MPS incorporates by reference the allegations in the paragraphs above.

8          37.    On information and belief, Defendants have infringed and continue to

9    infringe one or more claims of the '758 patent under 35 U.S.C. § 271.

10         38.    Defendants Silergy have directly infringed the '758 patent in the

11   United States and this District through the making, using, sale, offer for sell, and/or

12   importation of its products, including without limitation synchronous step-down

13   regulators including, but not limited to, the Silergy SY8206, SY8208, and SY8228

14   product families.  On information and belief, the accused Silergy step-down

15   regulators have microelectronic packages meeting the requirements of one or more

16   claims of the '758 patent, whether literally or under the doctrine of equivalents.

17         39.    Defendants Compal have directly infringed the '758 patent in the

18   United States and this District through the making, using, sale, offer for sell, and/or

19   importation of its products, including without limitation products incorporating

20   synchronous step-down regulators, such as the Silergy SY8206 and SY8208

21   product families, including but not limited to products such as the Lenovo G500

22   notebook manufactured by Compal for Lenovo.  On information and belief, the

23   Compal products incorporating Silergy step-down regulators have microelectronic

24   packages meeting the requirements of one or more claims of the '758 patent,

25   whether literally or under the doctrine of equivalents.

26         40.    Defendants Silergy have induced infringement by inducing others,

27   including without limitation Compal and other computing equipment

28   manufacturers, Lenovo and other computer electronic brands, distributors, retailers,

1   and end users, to make, use, sell, offer for sale, and/or import the accused devices in

2   the United States and this District, including without limitation the Lenovo G500

3   notebook.  On information and belief, Defendants Silergy also have provided

4   marketing materials, technical specifications, or other materials that instruct and

5   encourage the purchasers of an accused device to use the device in a manner that

6   infringes certain claims of the '758 patent.  Defendants Silergy also have continued

7   to sell the accused products despite their awareness of MPS's infringement

8   allegations.

9       41.    Defendants Compal have induced infringement by inducing others,

10  including without limitation Lenovo and other computer electronic brands,

11  distributors, retailers, and end users, to make, use, sell, offer for sale, and/or import

12  the accused devices in the United States and this District, including without

13  limitation the Lenovo G500 notebook.  On information and belief, Defendants

14  Compal also have provided marketing materials, technical specifications, or other

15  materials that instruct and encourage the purchasers of an accused device to use the

16  device in a manner that infringes certain claims of the '758 patent.  Defendants

17  Compal also have continued to sell the accused products despite their awareness of

18  MPS's infringement allegations.

19      42.    Defendants Silergy have contributed to the infringement of others,

20  including without limitation Compal and other computing equipment

21  manufacturers, Lenovo and other computer electronic brands, distributors, retailers

22  and end users, by offering to sell, selling, and/or importing within this District and

23  the United States synchronous step-down regulators, knowing the same to be

24  especially made or especially adapted for use in the infringement of the '758 patent

25  and not a staple article of commerce suitable for substantial non-infringing use.

26      43.    Defendants Compal have contributed to the infringement of others,

27  including without limitation Lenovo and other computing equipment

28  manufacturers, distributors, retailers and end users, by offering to sell, selling,

Case No. 2:13-cv-08122
COMPLAINT

1   and/or importing within this District and the United States synchronous step-down

2   regulators, knowing the same to be especially made or especially adapted for use in

3   the infringement of the '758 patent and not a staple article of commerce suitable for

4   substantial non-infringing use.

5        44.    On information and belief, Defendants' infringement has been, and

6   continues to be, willful and deliberate, and has caused substantial damage to MPS.

7   For example, Defendants have continued to sell the accused devices despite their

8   awareness of the '758 patent and MPS's infringement allegations.

9        45.    On information and belief, Defendants' infringement in violation of

10  federal patent laws will continue to injure MPS unless otherwise enjoined by this

11  Court.

12       **CLAIM 3 – INFRINGEMENT OF U.S. PATENT NO. 8,361,899**

13       46.    MPS incorporates by reference the allegations in the paragraphs above.

14       47.    On information and belief, Defendants have infringed and continues to

15  infringe one or more claims of the '899 patent under 35 U.S.C. § 271.

16       48.    Defendants Silergy have directly infringed the '899 patent in the

17  United States and this District through the making, using, sale, offer for sell, and/or

18  importation of its products, including without limitation synchronous step-down

19  regulators including, but not limited to, the Silergy SY8206, SY8208, and SY8228

20  product families.  On information and belief, the accused Silergy step-down

21  regulators have semiconductor assemblies meeting the requirements of one or more

22  claims of the '899 patent, whether literally or under the doctrine of equivalents.

23       49.    Defendants Compal have directly infringed the '899 patent in the

24  United States and this District through the making, using, sale, offer for sell, and/or

25  importation of its products incorporating synchronous step-down regulators, such as

26  the Silergy SY8206 and SY8208 product families, including but not limited to

27  products such as the Lenovo G500 notebook manufactured by Compal for Lenovo.

28  On information and belief, the  Compal products incorporating Silergy step-down

1   regulators have semiconductor assemblies meeting the requirements of one or more

2   claims of the '899 patent, whether literally or under the doctrine of equivalents.

3       50.    Defendants Silergy have induced infringement by inducing others,

4   including without limitation Compal and other computing equipment

5   manufacturers, Lenovo and other computer electronic brands, distributors, retailers,

6   and end users, to make, use, sell, offer for sale, and/or import the accused devices in

7   the United States and this District, including without limitation the Lenovo G500

8   notebook.  On information and belief, Defendants Silergy also have provided

9   marketing materials, technical specifications, or other materials that instruct and

10   encourage the purchasers of an accused device to use the device in a manner that

11   infringes certain claims of the '899 patent.  Defendants Silergy also have continued

12   to sell the accused products despite their awareness of MPS's infringement

13   allegations.

14       51.    Defendants Compal have induced infringement by inducing others,

15   including without limitation Lenovo and other computer electronic brands,

16   distributors, retailers, and end users, to make, use, sell, offer for sale, and/or import

17   the accused devices in the United States and this District, including without

18   limitation the Lenovo G500 notebook.  On information and belief, Defendants

19   Compal also have provided marketing materials, technical specifications, or other

20   materials that instruct and encourage the purchasers of an accused device to use the

21   device in a manner that infringes certain claims of the '899 patent.  Defendants

22   Compal also have continued to sell the accused products despite their awareness of

23   MPS's infringement allegations.

24       52.    Defendants Silergy have contributed to the infringement of others,

25   including without limitation Compal and other computing equipment

26   manufacturers, Lenovo and other computer electronic brands, distributors, retailers

27   and end users, by offering to sell, selling, and/or importing within this District and

28   the United States synchronous step-down regulators, knowing the same to be

1    especially made or especially adapted for use in the infringement of the '899 patent

2    and not a staple article of commerce suitable for substantial non-infringing use.

3          53.    Defendants Compal have contributed to the infringement of others,

4    including without limitation Lenovo and other computing equipment

5    manufacturers, distributors, retailers and end users, by offering to sell, selling,

6    and/or importing within this District and the United States synchronous step-down

7    regulators, knowing the same to be especially made or especially adapted for use in

8    the infringement of the '899 patent and not a staple article of commerce suitable for

9    substantial non-infringing use.

10         54.    On information and belief, Defendants' infringement has been, and

11   continues to be, willful and deliberate, and has caused substantial damage to MPS.

12   For example, Defendants have continued to sell the accused devices despite their

13   awareness of the '899 patent and MPS's infringement allegations.

14         55.    On information and belief, Defendants' infringement in violation of

15   federal patent laws will continue to injure MPS unless otherwise enjoined by this

16   Court.

17                              **PRAYER FOR RELIEF**

18         Wherefore, MPS prays for relief as follows:

19         A.     That the Court render judgment declaring that Defendants have

20   infringed, directly or indirectly, literally or under the doctrine of equivalents, the

21   '048 patent, '758 patent, and '899 patent in violation of 35 U.S.C. § 271;

22         B.     That the Court render judgment declaring Defendants' infringement of

23   the '048 patent, '758 patent, and '899 patent is willful and deliberate;

24         C.     That MPS be awarded damages adequate to compensate MPS for

25   Defendants' infringement of the '048 patent, '758 patent, and '899 patent;

26         D.     That MPS be awarded pre-judgment and post-judgment interest on all

27   damages awarded;

28

Case No. 2:13-cv-08122
COMPLAINT

1    E.    That the Court temporarily, preliminarily, and permanently enjoin

2    Defendants; their successors, assigns, subsidiaries, and transferees; their officers,

3    directors, agents, and employees; and all others working on Defendants' behalf

4    from making, using, selling, offering for sale, or importing in the United States any

5    product falling within the scope of the '048 patent, '758 patent, and '899 patent, or

6    inducing or contributing to the infringement of others;

7    F.    That the Court render judgment declaring this to be an exceptional

8    case and awarding treble damages to MPS for the unlawful practices of Defendants;

9    G.    That MPS be awarded its costs, expenses, and reasonable attorneys'

10   fees;

11   H.    That the Court order a full accounting of the damages above, including

12   for past infringement and any continuing or future infringement;

13   I.    Such other and further relief as the Court deems just and proper.

14   ## DEMAND FOR JURY TRIAL

15   MPS hereby demands a trial by jury of all issues so triable.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:13-cv-08122
COMPLAINT

DATED: November 1, 2013

**PERKINS COIE LLP**

By: */s/ John P. Schnurer*

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Jack Ko, Bar No. 244630
JKo@perkinscoie.com
Kevin Patariu, Bar No. 256755
KPatariu@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: 858.720.5700
Facsimile: 858.720.5799

Michael J Engle, Bar No. 259476
MEngle@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Plaintiff
Monolithic Power Systems, Inc.

Case No. 2:13-cv-08122
COMPLAINT