UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br> Plaintiff, <br> v. <br> SILERGY CORPORATION, et al., <br> Defendants. | Case No.  14-cv-01745-VC <br><br> **ORDER GRANTING MOTION TO DISMISS IN PART, DENYING MOTION TO DISMISS IN PART, AND STAYING THE CASE** <br><br> Re: Dkts. No. 35 and 81 |

## I. INTRODUCTION

Plaintiff Monolithic Power Systems, Inc. ("MPS") has sued Defendants Silergy Corporation, Silergy Technology, Compal Electronics, Inc., Bizcom Electronics, Inc., and Wei Chen. Silergy Corporation is the parent company of Silergy Technology, and so the two companies will collectively be referred to as "Silergy." Compal is the parent company of Bizcom, and so the two companies will collectively be referred to as "Compal/Bizcom." MPS alleges patent infringement against Silergy and Compal/Bizcom, and breach of contract against Chen and Silergy. Silergy has moved to dismiss the patent infringement claims entirely, based on a settlement agreement that required the parties to meet and confer about any patent infringement allegation, and then mediate the dispute, before litigation. Silergy and Compal/Bizcom have also moved to dismiss the willful infringement and induced infringement claims based on failure to plead facts to support those claims. Chen and Silergy have not yet moved to dismiss the breach of contract claim, which MPS added three days before the hearing on the motion to dismiss. But the parties agree the question whether the breach of contract claim should be dismissed based on the settlement agreement, to which both Chen and Silergy were parties, is ripe for adjudication.

The court finds that the settlement agreement prohibits MPS from bringing a patent

infringement claim against Silergy, or a breach of contract claim against Chen and Silergy, before following the meet and confer and mediation process. Therefore, the lawsuit is dismissed as to Silergy and Chen, and the case against Compal/Bizcom is stayed while MPS honors its contractual obligation to negotiate with the other parties.

## II. DISCUSSION

On December 6, 2011, MPS signed a settlement agreement with Silergy and Chen. The Agreement resolved several patent infringement suits involving the parties, and included a schedule for Silergy's payment of $2,000,000 to MPS. The agreement included multiple other provisions, including the following:

> Escalation Path. In the event a party believes that the other party is infringing the party's patent(s), with the exception of the MPS Patents, or that either party has violated a provision of this Agreement, the Parties agree to initiate and conduct a good faith meet and confer, within 90 days of a written request, to discuss resolution of the dispute; and, if the Parties are unable to resolve the dispute within 90 days of the meet and confer, to submit the dispute to mediation before JAMS or other mutually agreed upon mediator. During this 90 day period, and during any such dispute mediation, the parties may not commence any patent opposition proceedings, patent revocation proceedings, declaratory judgment proceedings, or re-examination proceedings in respect of the mediated patents.

MPS argues it was not required to refrain from suing before completing the process set forth above, because the "escalation path" fails to specify that a patent infringement suit may not go forward during the process. But the language and purpose of the provision are clear: if "a party believes that the other party is infringing the party's patent(s)" – which is what MPS believes now – then the parties agree to conduct a meet and confer and, if that doesn't work, go to mediation. While that happens, the provision ensures that the party accused of infringement will not, during this "escalation" period, attack the accusing party's patent in other proceedings. It is obvious that this provision contemplates completion of the mediation process before the accusing party can file suit. Otherwise the process set forth in the escalation path would be virtually meaningless, if not completely meaningless.

MPS also argues that the "escalation path," which does not include a termination date,

should be deemed terminated under California law. According to MPS, the court must discern the provision's duration based on either the parties' intent or on what the court considers a reasonable time. *See McCaksey v. California State Auto. Assn.*, 118 Cal.Rptr.3d 34, 49 (Cal. App. 2010). MPS argues that the "escalation path" should be construed to have terminated when Silergy completed its payments to MPS. It bases this argument on a subsequent paragraph in the "escalation path," which contemplates that payments from Silergy to MPS to resolve the prior patent disputes should go to an escrow account, instead of directly to MPS, in the event that MPS files another patent infringement suit. But this paragraph does not evince an intent by the parties that the prior paragraph (the paragraph about meet and confer and mediation) apply only for the 15-month duration of the payments to MPS. It merely reflects an intent that, if MPS sued Silergy while the latter was still making payments, the payments would go to an escrow account instead of to MPS.

Several provisions in the settlement agreement contain explicit termination dates, indicating that the parties knew what to do when they wanted a provision to terminate before the remainder of the contract. For example, Section F(4) of the agreement precludes Silergy from copying MPS products "for a period of three years from the effective date." And Section G(2) precludes Silergy from hiring anyone from MPS "for a period of three years from the Effective Date."

In contrast, other provisions which lack an express termination date are clearly intended to remain into effect today. For instance, MPS believes, and Silergy could not reasonably dispute, that Section G(1) of the agreement, in which Wei Chen "represents and warrants not to use or disclose any document that contains MPS confidential information," is still in effect.  (After all, this provision forms the basis of the breach of contract claim MPS added three days before the hearing on the motion to dismiss.) Further, Section F(2) applies "to the extent Silergy continues to make the payments…*and thereafter*." (emphasis added).

3

Because the parties did not include a termination date for the "escalation path" when they knew how to include early termination dates in other provisions, and because the agreement remains operable, there is no basis to conclude the "escalation path" does not remain operable as well.

### III. CONCLUSION

Because the "escalation path" is in effect, the motion to dismiss the patent infringement action against Silergy is granted, with leave to amend if necessary after the parties follow the procedure laid out in the provision. The breach of contract claim against Chen and Silergy is also dismissed, with leave to amend if necessary, because the "escalation path" also covers disputes concerning a breach of the agreement. The patent infringement action against Compal/Bizcom, who were not parties to the settlement agreement, is stayed pending the outcome of the meet and confer process and mediation involving MPS, Silergy and Chen. At the July 10, 2014 hearing on the motion to dismiss, counsel for Compal/Bizcom committed that, in the event the court determined that MPS, Silergy, and Chen were required to participate in a meet and confer and mediation process, Compal/Bizcom would participate in that same process, and the court expects them to do so in lieu of participating in a separate mediation hosted by the Northern District's alternative dispute resolution program. Finally, Silergy and Compal/Bizcom's motion to dismiss the induced and willful infringement claims is denied without prejudice to refiling it if necessary.

A case management conference is scheduled for February 10, 2015.

**IT IS SO ORDERED.**

Dated: July 15, 2014

_____
VINCE CHHABRIA
United States District Judge

4