John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130-2594
Telephone:  858.720.5700
Facsimile:  858.720.5799

Attorneys for Plaintiff
MONOLITHIC POWER SYSTEMS, INC.

Andrew J. Gray IV, Bar No. 202137
agray@morganlewis.com
Corey R. Houmand, Bar No. 268366
choumand@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001

Attorneys for Defendants SILERGY CORP,
SILERGY TECHNOLOGY, COMPAL
ELECTRONICS, INC., AND BIZCOM
ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SILERGY CORPORATION, SILERGY TECHNOLOGY, COMPAL ELECTRONICS, INC., BIZCOM ELECTRONICS, INC., and DR. WEI CHEN,<br><br>  Defendants. | Case No. 14-cv-01745-VC (KAW)<br><br>STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION<br><br>Judge:   Hon. Vince Chhabria |

Upon the stipulation of the parties, the Court ORDERS as follows:

1.  This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2.  This Order may be modified in the Court's discretion or by stipulation. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

3.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.  The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.  In this respect, the parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

5.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email parties must propound specific email production requests.

6.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7.  Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.  While this provision does not require the production

of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

9. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

10. Each requesting party shall limit its email production requests to a total of twenty search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms, which shall be done as soon as possible after a party first serves email search terms.  If, after testing the efficacy of the search terms, the responding party contends the search terms are overly broad and/or unduly burdensome, the parties shall meet and confer to discuss appropriate narrowing of the search terms. If the parties are unable to reach agreement on appropriate narrowing, they shall submit any disputes in this regard to the Court for resolution. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining

whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

11. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

PRODUCTION FORMATS

12. Documents and electronically stored information shall be produced electronically (e.g., on compact discs or via secure file transfer) in an imaged format (e.g., TIFF), with load files. The parties agree to produce single page TIFFs, multi-page/document level TEXT files, with Concordance .DAT and IPRO .LFP load files, unless it is more convenient for the producing party to produce the documents in a different format that is consistent with F.R.C.P. 34(b)(E). The TEXT files for any electronic documents should be created by extracting the text from the native file. TIFF files shall be single-page, group IV, and shall be named based on the unique page ID, which will begin with the BegDoc number for the first page of each document and continue sequentially for each page thereafter, followed by the extension ".TIF". The documents should be logically unitized (i.e., contain correct document breaks: for instance, a five page fax consisting of a cover page and a four page memo should be unitized as a five-page document) with the beginning and ending Bates ranges to account for the breaks between documents. An image load file for use with Opticon/IPRO, preferably an .LFP or .OPT file, shall be provided to indicate the location of the TIFF. A data load file compatible with Concordance (DAT) or Summation (DII) shall also be provided that includes the following objective coding fields: "BegProd," "EndProd," "Pages" and "Volume." Document level OCR text files will be provided. Each file will be named using the bates number of the first page of the document (e.g., a four page document that starts with ABC0000001 will bear the name ABC0000001.TXT). With respect to documents containing redacted text, OCR will be provided for the non-redacted text. To the extent any paper documents or images are OCRed, the OCR text file should be provided.

Notwithstanding the foregoing, if by their nature, certain documents are best viewable in their native formats (e.g., financial documentation), a party will accommodate reasonable requests by the requesting parties to produce such documents in their respective native format, so long as the burden is not cumulative or overly burdensome. In addition, where computer source code is made part of a party's production or a third party's production of documents and things, one or more of the producing parties or third parties may require the use of a secure facility wherein electronic copies of such source code may be searched and traced in a non-networked, protected environment, subject to the terms of an appropriate Protective Order entered by the Court.

13. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

14. Each document image shall contain a footer with a sequentially ascending production number.

15. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and such requests shall not be unreasonably denied.

DOCUMENTS PROTECTED FROM DISCOVERY

16. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

17. The parties agree that a party's communications related to this litigation for which attorney-client privilege protection is sought need not be placed on a privilege log if and only if: (1) the communication post-dates the filing of the complaint in this litigation; (2) the author and/or at least one recipient of the communication was, at the time the communication was made,

a registered attorney and employed by or retained as trial counsel of the party in this litigation; (3) the communication does not include any third parties other than those retained by the party to assist with this litigation at the direction of trial counsel; and (4) the communication was for the purpose of securing legal advice related to this litigation.

18. The parties further agree that a party's documents related to this litigation for which work product protection is sought need not be placed on a privilege log if and only if: (1) the document's creation post-dates the filing of the complaint in this litigation; (2) the author of the document at the time it was created was a registered attorney and employed by or retained as trial counsel of the party in this litigation; (3) the document was not disclosed to any third parties other than those retained by the party to assist with this litigation at the direction of trial counsel; (4) the document was prepared in anticipation of this litigation.

19. The parties agree that a party's communications related to either or both *Monolithic Power Systems, Inc., v. Silergy Corp. and Silergy Tech.*, No. 10-1533 (C.D. Cal. filed Mar. 2, 2010) or *Monolithic Power Systems, Inc. v. Wei Chen*, Civil Action No. 110-CV-172961 (Santa Clara Cty. Sup. Ct., filed May 25, 2010) (the "prior litigations") for which attorney-client privilege protection is sought can be categorically logged on a privilege log under a single entry if and only if: (1) the communication post-dates March 2, 2010 and pre-dates December 31, 2011; (2) the author and/or at least one recipient of the communication was, at the time the communication was made, a registered attorney and employed by or retained as trial counsel of the party in either or both of the prior litigations; (3) the communication does not include any third parties other than those working on either or both of the prior litigations at the direction of trial counsel in the prior litigations; and (4) the communication was for the purpose of securing legal advice related to either or both of the prior litigations.

20. The parties further agree that a party's documents related to the prior litigations for which work production protection is sought can be categorically logged on a privilege log under a single entry if and only if: (1) the document's creation post-dates post-dates March 2, 2010 and pre-dates December 31, 2011; (2) the author of the document at the time it was created was a registered attorney and employed by or retained as trial counsel of the party in either or both of

the prior litigations; (3) the document was not disclosed to any third parties other than those retained by the party to assist with this litigation at the direction of trial counsel; and (4) the document was prepared in anticipation of either or both of the prior litigations.

21. The parties further agree that communications and documents may be identified on a privilege log by category, rather than individually, if and only if such categorical identification provides enough detail for the receiving party to appropriately assess the whether the privilege designations are justified. The following is an example of a categorical entry that provides sufficient detail for the receiving party to assess whether the privilege designation is justified.

| Date(s) | Author[1] | Recipient(s)[2] | Description | Nature of Protection Asserted |
|---|---|---|---|---|
| June 22, 2010 to December 31, 2011 | Wei Chen, PhD, CEO Silergy Corporation | Andrew Gray, Lorraine Casto, Corey Houmand, Morgan Lewis attorneys | 200 Emails dated between June 22, 2010 and December 31, 2011 reflecting confidential communications between Dr. Chen and trial counsel about the California state court action filed by MPS against Dr. Chen in May 2010. | Attorney-Client Privilege |

22. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

---

[1] In this example, Dr. Wei Chen is the only author for documents that have been logged categorically with this entry.
[2] In this example, the recipients for documents that have been logged categorically with this entry include one or more of the individuals listed, and no others.

23. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: June 17, 2015

| **PERKINS COIE LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| By: /s/ John D. Esterhay<br>John P. Schnurer, Bar No. 185725<br>JSchnurer@perkinscoie.com<br>Thomas N. Millikan, Bar No. 234430<br>TMillikan@perkinscoie.com<br>Kevin J. Patariu, Bar No. 256755<br>KPatariu@perkinscoie.com<br>John D. Esterhay, Bar No. 282330<br>JEsterhay@perkinscoie.com<br><br>Attorneys for Plaintiff<br>MONOLITHIC POWER SYSTEMS, INC. | By: /s/ Lorrain M. Casto<br>Andrew J. Gray IV<br>Corey R. Houmand<br>Lorrain M. Casto<br><br>Attorneys for Defendants<br>Silergy Corp, Silergy Technology, Compal Electronics, Inc., and Bizcom Electronics, Inc. |

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), John D. Esterhay, hereby attests that the concurrence in the filing of this document has been obtained from the other signatories, which shall serve in lieu of their signatures.

/s/John D. Esterhay
John D. Esterhay

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  6/23/15

Hon. Kandis A. Westmore
United States Magistrate Judge

-7-
STIPULATION AND ORDER RE ESI DISCOVERY FOR PATENT LITIGATION
14-cv-01745-VC
LEGAL126541854.1