UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br> Plaintiff, <br> v. <br> SILERGY CORPORATION, et al., <br> Defendants. | Case No. 14-cv-01745-VC  (KAW) <br><br> **ORDER REGARDING 9/4/2015 JOINT LETTER** <br><br> Re: Dkt. No. 175 |

On September 4, 2015, the parties filed a joint letter, in which Plaintiff seeks to amend its infringement contentions pursuant to Patent L.R. 3-6, or, alternatively, have its original infringement contentions found compliant with Patent L.R. 3-1. (9/4/15 Joint Letter, "Joint Letter," Dkt. No. 175.)

Upon review of the joint letter, the Court deems this matter suitable for disposition without hearing pursuant to Civil L.R. 7-1(b), and GRANTS Plaintiff's request to amend its infringement contentions.

## I. BACKGROUND

On November 1, 2013, Plaintiff Monolithic Power Systems, Inc. ("MPS") filed a patent infringement and breach of contract action against Defendants Silergy Corporation and Silergy Technology (collectively referred to as "Silergy"), and related entities.

On May 15, 2015, Silergy filed a motion to strike MPS's infringement contentions. Thereafter, all discovery in this case was referred to the undersigned for resolution, and the Court terminated the motion and ordered the parties to meet and confer. (Dkt. No. 146.)  In that order, the Court also provided the parties with some guidance regarding some apparent deficiencies in the infringement contentions to assist them in their meet and confer efforts. *Id.*  Plaintiff later amended its infringement contentions without obtaining leave of court, and, on August 26, 2015,

1    the amended infringement contentions were stricken. (Dkt. No. 173.)

2    On September 4, 2015, the parties filed the instant joint letter in which Plaintiff requests
3    leave to amend its infringement contentions.

## II.  LEGAL STANDARD

"The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006). The patent local rules provide "for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in [their] absence" and are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *DCG Sys. v. Checkpoint Techs.*, *LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quotations and footnote omitted); *O2 Micro Int'l Ltd.* 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions. Pursuant to that local rule, the infringement contentions must contain (a) each claim of each patent that is allegedly infringed by each party, (b) all accused instrumentalities for each asserted claim, (c) a chart identifying specifically where each limitation of each asserted claim is located within each accused instrumentality, (d) a description of the acts of the alleged indirect infringer that induced the direct infringement by a third party, (e) whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality, (f) the priority date to which each asserted claim allegedly is entitled if applicable, (g) an identification of each apparatus that practices the claimed invention if applicable, and (h) the basis for the party's allegation of willful infringement if applicable. Patent L.R. 3-1.

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (1) an

adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the infringement contentions. *Id.*

The good cause analysis proceeds in two steps: "first, the court must determine whether the moving party was diligent in amending its contentions; second the court must determine whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3. "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so." *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (footnotes omitted).

### III. DISCUSSION

Plaintiff seeks to amend its infringement contentions so that they comport with Patent L.R. 3-1, and claim that, "other than limited non-substantive edits, MPS only amended to add the detail demanded by Defendants and suggested by the Court in its order terminating Defendants' motion to strike MPS' infringement contentions." (Joint Letter at 1.)

Defendant contends that MPS has not shown diligence and any amendment would result in unfair prejudice. (Joint Letter at 5.)

#### A. Diligence

"[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Id.*

Plaintiff claims that it was "diligent in providing the additional detail after the Court

3

terminated Defendants' motion to strike on May 28, triggering the amendments." (Joint Letter at 1-2.) Plaintiff claims that it worked quickly to provide the requested detail less than one month later on June 22, 2015. *Id.* at 2. Additionally, MPS contends that its amendments add the information demanded by Defendants in their motion to strike and do not alter or add new infringement theories, claims, or products. *Id.*

Defendants argue that Plaintiff's proposed amendments constitute a "wholesale reworking of MPS's infringement case." (Joint Letter at 7.) Defendant further argues that, even if true, MPS has failed to explain why the proposed amendments were being made now instead of six months ago when they were originally due. *Id.* To the contrary, MPS's infringement contentions have been at issue since they were served on March 17, 2015. On May 15, 2015, Defendants filed a motion to strike, and, on May 28, the undersigned terminated the motion and ordered the parties to meet and confer. Shortly thereafter, MPS amended its infringement contentions, albeit without authorization, in an attempt to comply with the Court's order and address the deficiencies identified in Defendants' motion to strike the infringement contentions. *Id.* While the Court technically did not strike the contentions and grant leave to amend, leave would have been granted had the parties later filed a joint letter regarding the sufficiency of the infringement contentions. Thus, Plaintiff satisfies the first part of the diligence inquiry.

As for the second part of the diligence inquiry, the Court finds that Plaintiff was diligent in seeking to amend its infringement contentions after the unauthorized amended contentions were stricken on August 26, 2015. This satisfies the first prong of the good cause analysis set forth in Patent Local Rule 3-6.

**B. Undue prejudice**

The second prong of the good cause analysis requires the court to consider "whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3.

Defendants claim that such is the case here. (Joint Letter at 6.) Specifically, Defendants contend that the amended infringement contentions constitute a "wholesale reworking" of Plaintiff's case. (Joint Letter at 7.) As a result, Defendants argue that they would be unfairly

4

1 prejudiced because MPS's proposed additions would require them to further develop their non-infringement position and further investigate prior art. *Id.* Defendants cite *Sun Microsystems, Inc. v. Network Appliance, Inc.*, No. C-07-05488 EDL, 2009 WL 508448, at *1 (N.D. Cal. Feb. 27, 2009), in support, but this case is not persuasive, because the plaintiff had access to the non-public information for one year before it sought to amend its infringement contentions.

Instead, Defendants arguments against amendment concentrate on perceived deficiencies in the proposed amendment. While the sufficiency of the amended contentions is not before the Court, the undersigned notes that they are greatly improved compared to the original contentions. In sum, on the one hand, Defendants complain that they are unaware of Plaintiff's theories of infringement, presumably because the original contentions were insufficient, while also opposing Plaintiff's request to amend the insufficient contentions. Indeed, vague statements professing undue prejudice without articulating any substantive ways in which it will be prejudiced—which should be apparent because the proposed infringement contentions were provided—is insufficient. For example, even if the proposed amendments raised new theories of infringement, Defendants have not indicated what additional discovery, if any, it would need to conduct. Simply stating that they will have to "develop" their non-infringement theories and do some additional "investigation" does not constitute undue prejudice. The Court notes that prior litigation between the parties may also reduce the impact of prejudice.

In any event, if Defendants are later able to make a showing that additional discovery is necessary, they may promptly seek leave to conduct such limited discovery from the presiding judge. This, however, does not rise to the level of undue prejudice.

Since good cause exists to grant Plaintiff's request for leave to amend its infringement contentions, the Court need not address Plaintiff's request to deem the original infringement contentions sufficient.

///

///

///

///

5

## IV. CONCLUSION

In light of the foregoing, good cause exists, such that MPS's request for leave to amend its infringement contentions is GRANTED. MPS shall serve its amended infringement contentions within 7 days.

IT IS SO ORDERED.

Dated: September 15, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge