UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SILERGY CORPORATION, et al.,<br><br>Defendants. | Case No. 14-cv-01745-VC   (KAW)<br><br>**ORDER REGARDING 9/28/15 JOINT LETTER RE: REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 188 |

On September 28, 2015, the parties filed a joint letter, in which Plaintiff seeks to compel supplemental responses to Request for Production No. 6 to Silergy and No. 1 to Compal, and Request for Production No. 4 to Silergy. (9/28/15 Joint Letter, "Joint Letter," Dkt. No. 188.)

Upon review of the joint letter, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and GRANTS IN PART AND DENIES IN PART Plaintiff's request to compel supplemental discovery of related products.

### I. BACKGROUND

Plaintiff Monolithic Power Systems, Inc. ("MPS") is a semiconductor company that designs, develops, and markets proprietary, advanced analog and mixed-signal semiconductors, including synchronous step-down converters utilizing under bump metallization technology, which improves the flip chip packages of MPS synchronous step-down converters by increasing heat dissipation and package reliability, while reducing alignment tolerances. (Second Am. Complaint, "SAC," ¶ 12.) MPS's step-down converters can be used in a wide range of devices, including laptop computers, mobile phones, DVD drives, and handheld devices. (SAC ¶ 13.)

Defendants Silergy Corporation and Silergy Technology (collectively "Silergy") is one of MPS's direct competitors in the power integrated circuit market. (SAC ¶ 14.) Dr. Wei Chen is

Silergy's founder, President, and CEO. (SAC ¶ 6.) Dr. Chen served as an officer of MPS and a member of the MPS Patent Committee until his departure in January 2008. *Id.* In that capacity, Dr. Chen was MPS's primary in-house technical consultant in connection with patent litigation. (SAC ¶ 18.) In February 2008, Dr. Chen founded Silergy. *Id.* Plaintiff alleges that Dr. Chen copied MPS's confidential files, which were not returned upon his departure in violation of his MPS employment agreements and company policy. (SAC ¶ 19.) Silergy's products include synchronous step-down regulators, such as those in the SY8206, SY8208, and SY8228 product families. Silergy has contracts with Compal, Bizcom, and others, as well as with consumer electronics companies, such as Lenovo and Acer. (SAC ¶ 15.) MPS alleges that step-down regulators from Silergy are used in the Lenovo G500 and the Acer Aspire E1 notebooks, and incorporate one or more of MPS's patents. (SAC ¶ 16.)

In 2010, MPS filed several actions to enforce its rights against Silergy and Dr. Chen. (SAC ¶ 66.) These lawsuits settled, and the parties entered into a Settlement and License Agreement on December 6, 2011. (SAC ¶¶ 67-68.)

On November 1, 2013, MPS filed a patent infringement and breach of contract action against Silergy, Dr. Chen, and related entities, including Compal.

On September 15, 2015, the undersigned granted Plaintiff leave to amend its infringement contentions ("ICs") and ordered that the amended ICs be served within 7 days. MPS appears to have served its amended ICs and charted SY8208 as representative of the SY8206 and SY8228 product families. (Joint Letter at 1.)

On September 28, 2015, the parties filed the instant joint letter in which Plaintiff seeks to compel discovery responses pertaining to the SY8206 and SY8228 product families, as well as other unaccused Silergy products.

## II.   DISCUSSION

MPS seeks to compel responses to Request No. 6 to Silergy and Request No. 1 to Compal, and Request No. 4 to Silergy regarding the SY8208, SY8206, and SY8228 product families, and similar, unaccused Silergy products.

///

### A. Request No. 6 to Silergy and Request No. 1 to Compal

This request seeks "For each Step-Down Regulator [and any Compal product incorporating one or more Step-Down Regulators], all documents referring or relating to the technical properties of that product, including, without limitation, any specification sheets." (Joint Letter at 1.)

#### i. Whether SY8208 is a representative product

MPS contends that Defendants are improperly limiting the scope of discovery to the SY8208 product family. (Joint Letter at 1.) Defendants concede that they are proceeding with discovery as to the single product, because it was the only product charged in the amended ICs, and MPS is not entitled to discovery on the other accused products because its infringement contentions "failed to show how its charting of the SY8208 is representative of the other accused products (the SY8206 and SY8228)." (Joint Letter at 4.)

Defendants are correct that Patent Local "Rule 3-1 ... requires Plaintiff to articulate how the accused products share the same, or substantially the same, infringing [qualities] with any other product or with the ... 'representative' product [ ]." *Silicon Labs. Inc. v. Cresta Tech. Corp.*, No. 14-cv-03227-PSG, 2015 WL 846679, at *1 (N.D. Cal. 2015)(quoting *Bender v. Freescale Semiconductor, Inc.*, No. 09–cv–01156, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010)(internal quotations omitted). This articulation, however, is evaluated in the context of a challenge to the sufficiency of the infringement contentions. Here, there has been no challenge to the sufficiency of the amended ICs, so the Court must assume that SY8208 is representative of the SY8206 and SY8228 product families. Accordingly, Defendants must produce discovery concerning all three accused products.

#### ii. Documents related to unaccused products

Plaintiff seeks to compel discovery regarding products not specifically identified in its infringement contentions on the grounds that it "has no reliable publicly-available information to ascertain infringement for Defendants' other products." (Joint Letter at 2.) This is due to an alleged lack of public information, datasheets, and manuals that would permit MPS to investigate infringement. (Joint Letter at 2, n. 3.) This lack of information is further compounded by the general inability to purchase the products as individual devices separate and apart from consumer

electronic devices, such as laptops. *Id.* As a result, MPS contends that it is impossible for it to ascertain which particular end product incorporates Defendants' products. *Id.*

In opposition, Defendants contend that this request violates Patent Local Rule 3-1(b), because it seeks documents on products that are not accused. (Joint Letter at 5.) Furthermore, "the alleged inventions of the patents-in-suit are directed to specific and discrete structures in a semiconductor package." *Id.* The Court, however, does not have enough information to determine whether Plaintiff's request is overbroad, because the parties have not provided a summary of the pertinent facts to aid the court in its resolution of the pending dispute in violation of Paragraph 13(b) of the undersigned Standing Order. This is why the court was forced to review, and cite to, the operative complaint. *See supra* Part I. Indeed, the parties have cited to various previously-filed documents in support of their arguments. This is improper.

Therefore, to the extent that Plaintiff seeks to compel discovery on unaccused products, the Court does not have sufficient information to determine whether this request is overbroad. Relevancy, however, is a broad standard, and courts in this district have found that discovery of unaccused products is permissible "if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have discovered the product absent discovery." *Infineon Technologies AG v. Volterra Semiconductor Corp.*, No. C 11-6239 MMC DMR, 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11, 2012) (citing *Kelora Sys., LLC v. Target Corp.*, No. 11–1548 CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011); *Oracle Am., Inc.*, 2011 WL 4479305, at *2 (citing N.D. Cal. Patent L.R. 3–1(b)). "In such circumstances, the plaintiff must 'articulate how the [unknown] accused products share the same, or substantially the same, infringing [structure]' with a named product." *Infineon Technologies*, 2012 WL 6184394, at *3 (citing *Bender v. Freescale Semiconductor, Inc.,* No. C 09-1156 PHJ MEJ, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010)).

Absent a clear explanation of the technology at issue, and the relation to the patents-in-suit, the Court declines to order Defendant to supplement its responses to include unaccused products. If, however, Plaintiff's representation that information regarding Defendant's products are not publicly available and cannot be easily obtained is accurate, and Plaintiff articulates how the

technology concerns the patents-in-suit and the alleged infringement, the court is prepared to order Defendants to provide discovery on similar, unaccused products.

The parties are, therefore, ordered to further meet and confer regarding production of documents concerning unaccused products. If the parties are unable to resolve this dispute without court intervention, they shall file a joint letter that includes a detailed description of flip chips, step-down regulators, and other technology at issue, summaries of the respective patents-in-suit, and how the unaccused products allegedly infringe. The parties may not cite to documents previously filed in the case nor those previously submitted to the undersigned in lieu of further explanation. All future joint letters should be complete, because the court is not required to expend judicial resources scouring the record. Failure to comply with these requirements will result in the letter being terminated for failure to comply with the Court's standing order.

### B. Request for Production No. 4 to Silgery

Request No. 4 seeks "[a]ll documents and things related to the development of Flip Chip Products at Silergy." (Joint Letter at 6.) Plaintiff contends that Defendant is withholding all relevant and responsive discovery regarding MPS's breach of contract claim on the grounds that this is a trade secret case under California Code of Civil Procedure § 2019.210. *Id.* at 7.

Defendants argue that, pursuant to § 2019.210, they should not be required to respond until MPS identifies the allegedly misappropriated "confidential information." (Joint Letter at 8.) Section 2019.210 provides, in pertinent part, that "[i]n any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . , before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity. . . ." Cal. Civ. Proc. Code § 2019.210. While MPS's breach of contract claim relates to the alleged use of confidential information, the contract provision breached does not mention trade secrets, and Defendants have not shown "that this claim is based on an allegation that [] Defendants disclosed or misused [Plaintiff's] trade secrets." *Tessera, Inc. v. Advanced Micro Devices, Inc.,* No. C 05-4063 CW, 2013 WL 210897, at *2 (N.D. Cal. Jan. 18, 2013) (citing Cal. Civ.Code § 3426.1(d) (setting forth a definition of trade secret)). Therefore, Defendants are required to answer without the benefit of MPS identifying the confidential

information it believes was utilized in the breach of the December 6, 2011 Settlement and License Agreement.

Additionally, Defendants contend that the term "flip-chip products" is overbroad, as MPS did not invent this technology, such that Silergy can use this technology without misappropriating MPS's technology. *Id.* The Court agrees. At this juncture, for the reasons discussed above, Defendants' response to this request is limited to the SY8208, SY8206, and SY8228 product families. *See* discussion Part II.A.ii.

### III. CONCLUSION

In light of the foregoing, Defendants shall serve supplemental responses to Request for Production No. 6 to Silergy and No. 1 to Compal, and Request for Production No. 4 to Silergy within 7 days of this order. In so doing, Defendants shall produce any responsive, non-privileged documents or information regarding the SY8208, SY8206, and SY8228 product families. At this juncture, the responses need not include non-accused products.

IT IS SO ORDERED.

Dated: October 9, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge