1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    MONOLITHIC POWER SYSTEMS, INC.,            Case No.  14-cv-01745-VC   (KAW)
                    Plaintiff,
8                                               **ORDER REGARDING 9/28/15 JOINT
          v.                                    LETTER RE: SPECIAL
9                                               INTERROGATORIES**
     SILERGY CORPORATION, et al.,               Re: Dkt. No. 189
10                  Defendants.

11

12

13         On September 28, 2015, the parties filed a joint letter, in which Plaintiff seeks to compel

14   supplemental responses to Interrogatory No. 1 to Silergy and Compal, and Interrogatory No. 4 to

15   Dr. Wei Chen. (9/28/15 Joint Letter, "Joint Letter," Dkt. No. 189.)

16         Upon review of the joint letter, the Court deems this matter suitable for disposition without

17   oral argument pursuant to Civil L.R. 7-1(b), and GRANTS IN PART AND DENIES IN PART

18   Plaintiff's request to compel supplemental discovery of related products.

19                              **I.    BACKGROUND**

20         Plaintiff Monolithic Power Systems, Inc. ("MPS") is a semiconductor company that

21   designs, develops, and markets proprietary, advanced analog and mixed-signal semiconductors,

22   including synchronous step-down converters utilizing under bump metallization technology,

23   which improves the flip chip packages of MPS synchronous step-down converters by increasing

24   heat dissipation and package reliability, while reducing alignment tolerances. (Second Am.

25   Complaint, "SAC," ¶ 12.)  MPS's step-down converters can be used in a wide range of devices,

26   including laptop computers, mobile phones, DVD drives, and handheld devices. (SAC ¶ 13.)

27         Defendants Silergy Corporation and Silergy Technology (collectively "Silergy") is one of

28   MPS's direct competitors in the power integrated circuit market. (SAC ¶ 14.)  Dr. Wei Chen is

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Silergy's founder, President, and CEO. (SAC ¶ 6.)  Dr. Chen served as an officer of MPS and a

2    member of the MPS Patent Committee until his departure in January 2008. *Id.*  In that capacity,

3    Dr. Chen was MPS's primary in-house technical consultant in connection with patent litigation.

4    (SAC ¶ 18.)  In February 2008, Dr. Chen founded Silergy. *Id.*  Plaintiff alleges that Dr. Chen

5    copied MPS's confidential files, which were not returned upon his departure in violation of his

6    MPS employment agreements and company policy. (SAC ¶ 19.)  Silergy's products include

7    synchronous step-down regulators, such as those in the SY8206, SY8208, and SY8228 product

8    families.  Silergy has contracts with Compal, Bizcom, and others, as well as with consumer

9    electronics companies, such as Lenovo and Acer. (SAC ¶ 15.)  MPS alleges that step-down

10   regulators from Silergy are used in the Lenovo G500 and the Acer Aspire E1 notebooks, and

11   incorporate one or more of MPS's patents. (SAC ¶ 16.)

12        In 2010, MPS filed several actions to enforce its rights against Silergy and Dr. Chen. (SAC

13   ¶ 66.)  These lawsuits settled, and the parties entered into a Settlement and License Agreement on

14   December 6, 2011. (SAC ¶¶ 67-68.)

15        On November 1, 2013, MPS filed a patent infringement and breach of contract action

16   against Silergy, Dr. Chen, and related entities, including Compal.

17        On September 15, 2015, the undersigned granted Plaintiff leave to amend its infringement

18   contentions ("ICs") and ordered that the amended ICs be served within 7 days.  MPS appears to

19   have served its amended ICs and charted SY8208 as representative of the SY8206 and SY8228

20   product families. (Joint Letter at 1.)

21        On September 28, 2015, the parties filed the instant joint letter in which Plaintiff seeks to

22   compel supplemental discovery responses pertaining to the SY8206 and SY8228 product families,

23   as well as other unaccused Silergy products.

## II.    DISCUSSION

25        MPS seeks to compel responses to Interrogatory No. 1 to Silergy and Compal, and

26   Interrogatory No. 4 to Dr. Chen regarding the SY8208, SY8206, and SY8228 product families,

27   and similar, unaccused Silergy products.

28   ///

2

United States District Court
Northern District of California

### A.   Interrogatory No. 1 to Silergy and Compal

Interrogatory No. 1 to Silergy seeks that

> For each Silergy Step-Down Regulator identify (1) the model name, number, or version of the product (including Silergy's internal names as well as customer names); (2) the customers (whether direct or indirect) that product has been sold to; (3) any products of those customers (whether direct or indirect) incorporating that product; and (4) any technical specifications for that product including, but not limited to, specification sheets.

(Dkt. No. 147-8 at 5.)

Interrogatory No. 1 to Compal seeks that

> For each Compal product incorporating one or more Step-Down Regulator identify (1) the model name, number, or version of the product (including Compal's internal names as well as customer names); (2) the customers (whether direct or indirect) that product has been sold to; (3) any products of those customers (whether direct or indirect) incorporating that product; and (4) any technical specifications for that product, including, but not limited to, specification sheets.

(Dkt. No. 147-9 at 5.)[1]

### i.   Whether SY8208 is a representative product

MPS contends that Defendants are improperly limiting the scope of discovery to the SY8208 product family. (Joint Letter at 1.)  Defendants concede that they are proceeding with discovery as to the single product, because it was the only product charged in the amended ICs, and MPS is not entitled to discovery on the other accused products because its infringement contentions "failed to show how its charting of the SY8208 is representative of the other accused products (the SY8206 and SY8228)." (Joint Letter at 2.)

Defendants are correct that Patent Local "Rule 3-1 ... requires Plaintiff to articulate how the accused products share the same, or substantially the same, infringing [qualities] with any other product or with the ... 'representative' product [ ]." *Silicon Labs. Inc. v. Cresta Tech. Corp.*, No. 14-cv-03227-PSG, 2015 WL 846679, at *1 (N.D. Cal. 2015)(quoting *Bender v. Freescale*

---

[1] The parties' reproduction of Interrogatory No. 1 was misleading (*see* Joint Letter at 1), so the Court had to scour the record to obtain the original interrogatories, which should have been attached pursuant to the undersigned's standing order. (*See* Judge Westmore's General Standing Order ¶ 13) ("[T]he parties shall attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter.")

3

1    *Semiconductor, Inc.*, No. 09–cv–01156, 2010 WL 1689465, at \*3 (N.D. Cal. Apr. 26,

2    2010)(internal quotations omitted).  This articulation, however, is evaluated in the context of a

3    challenge to the sufficiency of the infringement contentions.  Here, there has been no challenge to

4    the sufficiency of the amended ICs, so the Court must assume that SY8208 is representative of the

5    SY8206 and SY8228 product families.  Accordingly, Defendants must fully respond regarding all

6    three accused products.

### ii.    Documents related to unaccused products

8          Plaintiff seeks to compel discovery regarding products not specifically identified in its

9    infringement contentions on the grounds that it has no reliable publicly-available information to

10   ascertain infringement for Defendants' other products. (Joint Letter at 1-2.)  As a result, MPS

11   contends that it is impossible for it to ascertain which particular end product incorporates

12   Defendants' products. (Joint Letter at 2.)

13         In opposition, Defendants contend that this request violates Patent Local Rule 3-1(b),

14   because it seeks documents on products that are not accused in the amended infringement

15   contentions. (Joint Letter at 2-3.)  Additionally, Defendants contend that the demands to Compal

16   are overbroad and irrelevant, because the interrogatory is not limited to Silergy step-down

17   regulators. (Joint Letter at 2.)  The objection as to Compal is sustained.  The litigation concerns

18   Silergy products, so the interrogatory should be limited to Silergy step-down regulators.

19         Furthermore, Defendants contend that MPS failed to conduct the pre-filing investigation to

20   "determine if step-down regulators made by companies other than Silergy have any of the

21   packaging idiosyncrasies that are recited in the three patents-in-suit." (Joint Letter at 3.)  As was

22   the case with the related joint letter concerning the requests for production (*see* Dkt. No. 195), the

23   Court lacks sufficient information to determine whether Plaintiff's interrogatory is overbroad,

24   because the parties have not provided a summary of the pertinent facts to aid the court in its

25   resolution of the pending dispute in violation of Paragraph 13(b) of the undersigned Standing

26   Order.  This is why the court was forced to review, and cite to, the operative complaint. *See supra*

27   Part I.  Indeed, the parties have cited to various previously-filed documents in support of their

28   arguments.  This is improper.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Therefore, to the extent that Plaintiff seeks to compel supplemental responses from Silergy

2    regarding unaccused products, the Court does not have sufficient information to determine

3    whether this request is overbroad.[2]  Relevancy, however, is a broad standard, and courts in this

4    district have found that discovery of unaccused products is permissible "if the plaintiff does not

5    know of the allegedly infringing product when it serves its infringement contentions and could not

6    have discovered the product absent discovery." *Infineon Technologies AG v. Volterra*

7    *Semiconductor Corp.*, No. C 11-6239 MMC DMR, 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11,

8    2012) (citing *Kelora Sys., LLC v. Target Corp.*, No. 11–1548 CW (LB), 2011 WL 5444419, at *2

9    (N.D. Cal. Nov. 9, 2011); *Oracle Am., Inc.*, 2011 WL 4479305, at *2 (citing N.D. Cal. Patent L.R.

10   3–1(b)).  "In such circumstances, the plaintiff must 'articulate how the [unknown] accused

11   products share the same, or substantially the same, infringing [structure]' with a named product."

12   *Infineon Technologies*, 2012 WL 6184394, at *3 (citing *Bender v. Freescale Semiconductor, Inc.*,

13   No. C 09-1156 PHJ MEJ, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010)).

14   Absent a clear explanation of the technology at issue, and the relation to the patents-in-suit,

15   the Court declines to order Defendant to supplement its responses to include unaccused products.

16   If, however, Plaintiff's representation that information regarding Defendant's products are not

17   publicly available and cannot be easily obtained is accurate, and Plaintiff articulates how the

18   technology concerns the patents-in-suit and the alleged infringement, the court is prepared to order

19   Defendants to provide discovery on similar, unaccused products.

20   The parties are, therefore, ordered to further meet and confer regarding Silergy's

21   supplemental responses concerning unaccused products.  If the parties are unable to resolve this

22   dispute without further court intervention, they shall file a joint letter that includes a detailed

23   description of flip chips, step-down regulators, and other technology at issue, summaries of the

24   respective patents-in-suit, and how the unaccused products allegedly infringe.  The parties may not

25   cite to documents previously filed in the case nor those previously submitted to the undersigned in

26

27   ────────────────

28   [2] As provided above, the Court declines to order Compal to respond regarding all step-down regulators, as the interrogatory is overbroad. Compal need only fully respond as to the three accused product families.

1    lieu of further explanation.  All future joint letters should be complete, because the court is not

2    required to expend judicial resources scouring the record.  Failure to comply with these

3    requirements will result in the letter being terminated for failure to comply with the Court's

4    standing order.

5              **B.    Interrogatory No. 4 to Dr. Chen**

6         Request No. 4 asks Dr. Chen to

7              Outline and explain the design and development process for each
              Silergy Flip Chip Product, including identification of key milestones

8              met, explanation of the activities undertaken during each step of the
              process, identification of the group or people within Silergy who

9              undertook those steps, description of the relative time windows
              associated with each step in the process, and whether and how you
              used knowledge you obtained during the course of your employment

10             at MPS.

11   (Joint Letter at 4; Dkt. No. 183-6 at 3.)

12         Plaintiff contends that Defendants are withholding all relevant and responsive discovery

13   regarding MPS's breach of contract claim on the grounds that this is a trade secret case under

14   California Code of Civil Procedure § 2019.210. (Joint Letter at 4.)

15         Defendants argue that, pursuant to § 2019.210, they should not be required to respond until

16   MPS identifies the allegedly misappropriated "confidential information." (Joint Letter at 6.)

17   Section 2019.210 provides, in pertinent part, that "[i]n any action alleging the misappropriation of

18   a trade secret under the Uniform Trade Secrets Act . . . , before commencing discovery relating to

19   the trade secret, the party alleging the misappropriation shall identify the trade secret with

20   reasonable particularity. . . ." Cal. Civ. Proc. Code § 2019.210.  While MPS's breach of contract

21   claim relates to the alleged use of confidential information, the contract provision breached does

22   not mention trade secrets, and Defendants have not shown "that this claim is based on an

23   allegation that [] Defendants disclosed or misused [Plaintiff's] trade secrets." *Tessera, Inc. v.*

24   *Advanced Micro Devices, Inc.,* No. C 05-4063 CW, 2013 WL 210897, at *2 (N.D. Cal. Jan. 18,

25   2013) (citing Cal. Civ.Code § 3426.1(d) (setting forth a definition of trade secret)).  Therefore,

26   Defendants are required to answer without the benefit of MPS identifying the confidential

27   information it believes was utilized in the breach of the December 6, 2011 Settlement and License

28   Agreement.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    Additionally, Defendants contend this this interrogatory has never been the subject of meet

2  and confer between the parties, and should be denied. (Joint Letter at 7.) While perhaps true, the

3  Court will still resolve this dispute given that the close of fact discovery is rapidly approaching.

4    Furthermore, Defendants argue that this interrogatory was propounded on Dr. Chen in his

5  individual capacity, and he has provided a substantive response. (Joint Letter at 8.)  Dr. Chen's

6  response, however, was that he did not use MPS's proprietary information in designing and

7  developing any Silergy products. *Id.*  This is nonresponsive, because the interrogatory sought

8  information regarding milestones for each Silergy Flip Chip Product and "whether and how [Dr.

9  Chen] used knowledge [he] obtained during the course of [his] employment at MPS." It does not

10  only ask whether Dr. Chen utilized MPS's proprietary information.  That MPS declined to

11  propound this interrogatory on Silergy to obtain corporate, rather than individual, knowledge is

12  Plaintiff's prerogative, and is, therefore, irrelevant.

13    Accordingly, Dr. Chen shall provide a supplemental response to this interrogatory based

14  on his personal knowledge.

### III.    CONCLUSION

16    In light of the foregoing, Defendants shall serve supplemental responses to Interrogatory

17  No. 1 Silergy and Compal, and Interrogatory No. 4 to Dr. Chen within 7 days of this order.  In so

18  doing, Defendants' responses to Interrogatory No. 1 are limited to the SY8208, SY8206, and

19  SY8228 product families.  Dr. Chen shall respond fully to Interrogatory No. 4 based on his

20  personal knowledge regarding all Silergy Flip Chip Products.

21    IT IS SO ORDERED.

22  Dated: October 14, 2015

KANDIS A. WESTMORE
United States Magistrate Judge